(No. 26838.—Reversed and remanded.)
Fashion-Bilt Cloak Mfg. Co., Appellant, *vs.* The Department of Finance, Appellee.

*Opinion filed May 20, 1943.*

PHILIP J. SIMON, for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

The Department of Finance made an additional assessment of retailers' occupation tax in the amount of $2651.95 against appellant, Fashion-Bilt Cloak Mfg. Co., and the assessment was reviewed by the circuit court of Cook county on *certiorari*. The matter comes to this court on appeal from the judgment of the circuit court confirming the assessment.

The appellant, Fashion-Bilt Cloak Mfg. Co., is a manufacturer of ladies coats and suits, and its place of business is located on the third floor of the premises at 325 West Jackson Blvd., in Chicago, Illinois. It has a small office at this location and the remainder of the space is used for manufacturing purposes, the equipment for which consists of four machines on which piece goods are assembled into finished clothing. The office and factory room are located in a wholesale district and the company employs about ten persons, and has no salesmen.

During the months from January 1, 1937, to November, 1939, the company filed its tax returns and paid the retailer's occupation tax upon the amount of retail sales

shown on its returns. Thereafter the Department of Finance sent an auditor to examine the books of the company, and after making an examination he recommended an additional assessment in the amount of $2525.67 plus five per cent penalty of $126.28, making a total tax due of $2651.95.

The officers of the company testified their business consisted of approximately eighty-five per cent wholesale and fifteen per cent retail. The wholesale business was with retail stores and shops, with the most of whom they had done business for a number of years. The retail business was merely an accommodation business for friends and relatives and workers in the factory. The company's officers also testified that their books and records reflected the wholesale sales to stores and other retailers as credit sales, and that the retail sales to individuals were handled on a cash basis, and were shown upon their books as cash transactions.

At the hearing before the Department of Finance the Department called as a witness the auditor who had made the audit upon which the additional assessment was based. He testified that he examined the company's records which were made available to him, and that the records consisted of a general ledger, sales journal, cash-receipts journal and various invoice books. The secretary and treasurer of the company testified there was submitted to the auditor in addition to the above, letters, mail orders and orders received by the company. The auditor checked the invoice books and found the totals were properly carried into the sales journal. The invoices he examined covered the entire period of the audit and there was an invoice, kept in numerical order, for every transaction, showing the name and address of the purchaser, the date, style, price, number of garment and the amount of the order. At the time of this audit the company had no certificates of resale from any of its customers. One of the officers of the

company testified that they had called the Department of Finance by telephone and had previously been advised that it was unnecessary for them to obtain such certificates. Following the audit an effort was made to obtain these certificates of resale. Letters were sent to the concerns with which the company had done business but only a few certificates were obtainable. The company had no cash register, and as they were made, the cash sales were entered in the cash journal. Each day the entries were totalled on an adding machine and reconciled with the cash on hand. It was not the practice of the company to save these adding-machine tapes. The company employed an auditor who had charge of the books, and he prepared the tax returns filed by the company.

Prior to the time of the hearing, express-company receipts of the taxpayer had been destroyed, but the taxpayer made no claim to exemption on the basis of interstate shipments, and relied only upon its contention that the additional items included in the audit of the Department of Finance were not retail sales. The auditor for the Department of Finance testified that in making the audit upon which the additional assessment was based he charged the entire gross sales of the company as being retail sales, except only certain sales of piece goods, about which there was no dispute, and those sales upon which the taxpayer was able to obtain a certificate of resale. Apparently no effort was made by him to determine whether or not in fact the sales were wholesale or retail, but the assessment was based wholly upon the fact the taxpayer produced no certificate of resale.

The secretary-treasurer and auditor for the company testified the retail sales were shown as cash sales on the company's books, and that the credit sales on the books were wholesale transactions, and that their business was largely repeat business. The auditor for the company appeared at the hearing with the books and records of the

company, and from those records testified the figures set forth in the tax returns filed by the company correctly showed the retail and wholesale sales of the company as they appeared on the books of the company. The Department held the taxpayer, by failing to produce certificates of resale, had failed to overcome the *prima facie* case made by the assessment, and ruled that the entire sales of the taxpayer, with the exceptions above indicated, were subject to tax.

The taxpayer contended its books and records were kept in a satisfactory manner; that no inaccuracy was shown on the part of the Department, and that the testimony of its officers and auditor has overcome the *prima facie* case made by the additional assessment. There is substantially no dispute in the facts. The sole question involved is whether or not the showing made by the taxpayer at the time of the hearing of this cause was sufficient to overcome the *prima facie* case made by the additional assessment offered by the Department of Finance. In *Feldstein* v. *Department of Finance*, 377 Ill. 396, we said: "A proposed assessment of an occupation tax, being a correction of returns filed by the taxpayer, is *prima facie* correct, but where the only competent evidence on the hearing is the taxpayer's books and his own testimony, which is not so inconsistent or improbable, in itself, as to be unworthy of belief, the *prima facie* case is overcome, and the burden shifts to the Department of Finance to prove its case by competent evidence. *Novicki* v. *Department of Finance*, 373 Ill. 342."

In the present case there is no dispute but that the taxpayer kept a fairly complete set of records, all of which records were made available to the auditor of the Department of Finance. The only item lacking in the way of records, as complained of by the Department, is with regard to certificates of resale which were not obtained by the taxpayer from its wholesale customers. The auditor

for the Department found no errors or inaccuracies in the books as they were kept, but stated that they "tied in fairly well."

There is nothing in the statute or in the Department's rule 8, relied upon by appellee, requiring a certificate of resale by a wholesaler. The rule requires such records additional to those of a retailer as will indicate the information required for a return. A retailer is required to keep: (1) a daily record of the gross amount of sales; (2) a record of the amount of merchandise purchased; (3) a complete inventory of stock on hand once a year. A certificate of resale is but the declaration of the purchaser, and would not be conclusive on the Department in case of a dispute; and by the same token its absence cannot be made conclusive proof of a retail sale by the taxpayer. Rules of the Department of Finance can neither limit nor extend the scope of the statute. *Mahon* v. *Nudelman,* 377 Ill. 331; *Mallen Co.* v. *Department of Finance,* 372 Ill. 598.

The Department classified as consumer sales all those for which the taxpayer lacked certificates of resale, and gave no weight to the fact that the record showed that the invoices preserved by the taxpayer gave the information as to the name of each customer of the taxpayer, the amount of goods purchased, the address, or to the witnesses who testified that the retail sales appeared in its records as cash sales, and that it had paid a tax on all such sales.

The Department has produced no testimony to the effect that the cash sales as shown by the company's books do not correctly indicate the sales to consumers. There is no positive rule of law requiring the taxpayer to present a certificate of resale in connection with every transaction he has with a dealer. The question of whether or not a sale is to a consumer or for resale is subject to proof like any other fact. Witnesses in behalf of the taxpayer testified the cash sales as shown on the books were the retail sales. Testimony of these witnesses is not inconsistent nor im-

probable, and there is nothing in the record that shows any inaccuracy in the manner in which the taxpayer's books were kept. The fact seems to be undisputed in the record that the major part of the taxpayer's business was with dealers for purpose of resale. Notwithstanding this, the auditor for the Department disregarded the actual facts, undertook to make no investigation through sources and channels available, but arbitrarily held all sales for which the taxpayer was unable to obtain a signed certificate of resale from the purchaser, to be to consumers.

The Department complains of certain records being destroyed. We have carefully examined the record and find no evidence that any records which would be of assistance in determining the facts in question have been destroyed. It is pointed out that the express receipts, which would show interstate shipments, have been disposed of. This action can have no effect in the present case for the reason the taxpayer is claiming no exemption by reason of interstate shipments, and the receipts would disclose nothing more than the consignee, which information is already available from the invoices which were a part of the taxpayer's records.

The Department also charges the taxpayer with disposing of, or of failure to keep, its adding-machine tapes. The record shows these adding-machine tapes showed merely the totals of the daily entries in the cash book in order to reconcile the cash on hand. There is no contention by either side there was any error in the manner of the keeping of the cash account, or that the cash received did not in all respects tally with the entries in the cash journal.

In our opinion the evidence produced by appellant is ample to overcome the *prima facie* case made by the Department of Finance, and the judgment of the circuit court of Cook county is accordingly reversed, and the cause remanded with directions to quash the return of appellee.

*Reversed and remanded, with directions.*