29 So.2d 129

### STATE v. LEVEY.

### 6 Div. 432.

Supreme Court of Alabama.

Nov. 14, 1946.

Rehearing Denied Feb. 13, 1947.

Wm. H. McQueen, Atty. Gen., and John W. Rish, Gardner F. Goodwyn, Jr., and H. Grady Tiller, Asst. Attys. Gen., for the State.

Spain, Gillon, Grooms & Young and H. H. Grooms, all of Birmingham, for appellee.

SIMPSON, Justice.

This appeal calls into question the construction of certain provisions of the State Revenue Law. .

The appellee taxpayer was doing business during the taxable period in selling bakery products both at wholesale and retail. Among his customers he sold to certain institutions of the county, such as schools, which will be referred to as county sales, and at wholesale to Pizitz Department Store and some private hospitals.

The State Department of Revenue levied an assessment for a sales tax against him for the amount of the gross sales shown on his ledger on which he had not returned or paid the tax, less his listed wholesale sales, not taxable. He claimed that this amount represented sales he had made to the county, which were exempt from taxation under § 755, Title 51, Code 1940, and wholesale sales to the hospitals and Pizitz, exempt under circumstances noted in § 753(a). The Department charged that, if his claim was correct, the amount represented by these sales had been twice deducted from his tax returns as exempt sales, accordingly rendering him liable to the tax. Appellee, however, countered that by deducting his listed exempt wholesale sales and his retail sales on which he had paid the tax, the computation would disclose no duplication of deductions and affirm the correctness of the returns he had made.

The county and hospital sales were not identified on his records, nor by invoices or

otherwise so far as we have been able to interpret the evidence, whereby they could be established as such exempt sales, but were entered along with his cash retail sales. The Pizitz wholesale sales were of a different character, as hereafter noticed.

The tax is due on gross retail sales of tangible personal property and wholesale sales are exempt from taxation if the wholesaler keeps his books "so as to show separately the gross proceeds of sales of each business," but when his books are not so kept he shall pay the tax as a retailer, on the gross sales of the business. Code 1940, Title 51, § 753(a).

§ 759 also requires the taxpayer to keep and preserve suitable records showing the gross sales and if he sells both at wholesale and retail to "keep his books so as to show separately the gross proceeds of wholesale sales and the gross proceeds of retail sales."

Sales, if actually made to city or county schools or to such municipal agencies, are also exempt (§ 755), but his records must be so kept as to properly indicate them in order that the Department, on an examination, can determine the amount of taxes due.—§ 886.

Said § 886 provides for the making of reports to the Department and requires the taxpayer to keep at all times an accurate set of books showing the nature and details of the business which must be sufficient to fully disclose the information necessary to determine the correct amount of any tax due and such books shall be kept for a period of five years after the due date of the tax, etc.

■■ The evident purpose of these and other provisions of the Revenue Law requiring the keeping of an accurate set of books and records by the taxpayer to disclose the details of his business is that, on an examination of them by the taxing authority, the amount of taxes for which the taxpayer should be liable may be properly determined. The State should not—and the statute does not so contemplate—be required to rely on the verbal assertions of the taxpayer or his witnesses in determining the correctness of the tax return, the amount of taxes due, or what portion of the gross sales are exempt ones under the law. Records should be available disclosing the business transacted. Of necessity, if the statute is to be considered of any practical operation, the books should be so kept as to properly reflect the sales claimed as exempt that an examination will establish their true character and, if the books are not so kept the Department of Revenue is within its authority in obtaining other evidence to determine the amount of the gross taxable sales of the business and to levy the assessment accordingly.

■ As stated, regarding ♦ the sales claimed as exempt as having been made to the county and at wholesale to the hospitals, the appellee failed to comply with these statutory requirements. He testified these were credit sales; that he had no book in which they were shown and that the only record of them was some tickets, many or most of which had been previously destroyed (Record p. 58). We think the Department acted with due authority under the statute in the assessment against appellee for the amount of these sales as a part of the taxable sales of the business. There were no proper entries on any of his records, with supporting invoices disclosing the business done with the county or the hospitals, and he sought to controvert the accuracy of the examiner's assessment (prima facie correct, on the hearing in the circuit court, the burden being on the taxpayer to prove its incorrectness [§ 140]), not by proper records, as contemplated by the Revenue Law, but by the testimony of himself and his auditor supported by his ledger entries of total sales which, from aught appearing, could have been retail sales.

This was insufficient to overturn the prima facie case for the State. The evidence is just as persuasive that the amount represented by these claimed deductions from the total sales shown by his general ledger were not such exempt sales but were retail sales and, having failed to comply with the stipulations of the statute as to keeping accurate records so as to indicate the separateness of these alleged exempt sales from the taxable ones, he should be rendered liable for the assessment of the

tax on said amount, as for retail sales. We think the assessment to this extent should have been approved and that the trial court was in error in the contrary ruling.

The records, however, of the wholesale sales he claimed to have made to Pizitz Department Store were of a different status and should be accorded a different consideration. He sold both at retail and wholesale to this store and Pizitz kept books on this business, too, and returned, and paid the tax to the State on the retail sales. While appellee's books in respect to this business were rather inartificially kept, they were probably sufficient to substantially reflect the Pizitz wholesale sales, and their character as such, and we are unwilling to hold him to the accountability of paying a retail tax on the total gross sales on the basis that these wholesale sales were not separately recorded so as to distinguish them from the retail business. The assessment by the Department, therefore, to this extent appears to have been erroneous and the ruling of the trial court overruling the same should be affirmed.

Accordingly, the decree of the circuit court denying the assessment as to the last-stated portion is affirmed. Otherwise the decree is reversed and a judgment is here rendered confirming as correct the remainder of the assessment.

Let the appellee pay one-half the costs of court both below and on appeal.

Affirmed in part and in part reversed and rendered.

All the Justices concur.

On Rehearing

PER CURIAM.

It is quite true that the amount of the school sales was not disputed and was recognized by the State examiners as properly exempt from taxation. But the State contended that these sales had been included in the totals of his wholesale sales carried in his daily cash books and at the same time, in returning the tax, had again been deducted from the gross sales shown on the general ledger, thus resulting in the double deduction discussed hereinabove.

We pointed out that the taxpayer kept no proper record to indicate these sales or to differentiate them from the remainder of the gross sales shown on his general ledger. He, himself, said this (Record pp. 58, 63) and testified his charge tickets, which had been destroyed, were his only record to distinguish such sales. Other evidence was of like import (Record pp. 69, 87, 91, 94).

We have construed the pertinent provisions of Title 51, noted above, as requiring the keeping of accurate records of such exempt sales if they are to escape taxation; and non-compliance gives authority to the tax department to disregard such a claim of exemption and, on a proper showing of liability, to levy the tax on the gross, as for retail sales, as the provisions of the statute contemplate.

Concededly, determining the true fact is one of great difficulty, but as observed in our original opinion the evidence was persuasive to the position contended for by the State and having failed to comply with the statutory mandate as to keeping accurate records, appellant must suffer the penalty imposed for non-compliance and pay on the sales not so accurately recorded as exempt ones.

We cannot regard as convincing to a contrary view the claim that his credit tickets of these sales had been destroyed. His permanent records should have set up these sales so that an audit of the books would have accurately reflected their true character and, if the tickets constituted his record, prudence would have dictated that they be removed from his bakery for safekeeping rather than be destroyed.

Perhaps, as intimated in State counsel's brief on rehearing, it might not have overstrained judicial candor to have held the Pizitz sales to the same accountability, but there was a semblance of a record as to those wholesale sales, in connection with which the trial court accepted the taxpayer's testimony as true, and we will not recede from our affirmance of that court's judgment on that phase of the case.

We feel bound to adhere to our original conclusion and must deny the rehearing.

Opinion extended and rehearing denied.

All the Justices concur.