30 So.2d 673

**STATE v. MIMS.**

**5 Div. 427.**

Supreme Court of Alabama.

May 22, 1947.

218

A. A. Carmichael, Atty. Gen., and H. Grady Tiller and Gardner F. Goodwyn, Jr., Asst. Attys. Gen., for appellant.

Omar L. Reynolds and Reynolds & Reynolds, both of Clanton, for appellee.

**GARDNER, Chief Justice.**

The State Department of Revenue, entertaining the view that the amount of sales tax paid by Clyde Mims, a grocery merchant of Clanton, Alabama, for a period of approximately five years 1939—44, was incorrect (Title 51, § 766, Code 1940), gave notice thereof to said taxpayer who appeared in contest of any increased assessment. Title 51, § 767, Code 1940. In September, 1944, the Department of Revenue made a final assessment against the said Mims of a deficiency of sales tax liability for the period from July 1, 1939, to May 31, 1944, in the amount of $1372.22 as tax, plus interest and penalty. Article 10, Title 51, Code 1940.

The taxpayer, Mims, being dissatisfied with the assessment thus finally fixed, prosecuted an appeal to the circuit court of Chilton County in all respects as authorized by Title 51, § 140, Code 1940. Upon a hearing on appeal in the circuit court a decree was entered December 10, 1946, against said Mims in favor of the State of Alabama in the sum of $367.30 and cost of court, said sum consisting of $336.45 as tax plus $30.85 as interest at six per cent from June 1, 1945. The State of Alabama being dissatisfied with this decree has prosecuted this appeal, as authorized by Section 140, supra.

In section 140, supra, is the provision that the assessment made by the Department of Revenue shall be deemed on appeal to the circuit court to be prima facie correct, and where the appeal is taken by the taxpayer the burden shall be on him to show that such assessment is incorrect. A like provision is found in Section 767, supra, dealing specifically with the sales tax, the closing sentence being: "Any assessment made by the department shall be prima facie correct upon appeal."

Upon consideration of the appeal in the circuit court, the State made out its prima facie case when it introduced the final assessment made by the Department of Revenue against Mims, the taxpayer, who had had due notice and who had appeared in contest. This final assessment being prima facie correct, on the hearing in the circuit court the burden was on the taxpayer Mims to prove its incorrectness. This statute was given force in the recent case of State v. Levey, 248 Ala. 656, 29 So.2d 129.

The statutory provisions as to sales tax are somewhat exacting though the courts have not attempted to lay down any particular method of bookkeeping so as to unduly burden the taxpayer. Nevertheless, it is the duty of the taxpayer to keep and preserve suitable records of the gross sales, gross proceeds of sales and gross receipts of sales of such business and such other books and accounts as may be necessary to determine the amount of tax for which he is liable. In addition, he is required to keep and preserve for a period of two years all invoices of goods, wares and merchandise purchased for resale or otherwise. Any person selling both at wholesale and retail should keep his books so as to show separately the gross proceeds of wholesale sales and the gross proceeds of retail sales. Title 51, § 759, Code 1940. And, under Section 761 of said Title 51, supra, the taxpayer failing to comply with these provisions is declared to be guilty of a misdemeanor and on conviction shall be fined not less than $25 nor more than $500 for each offense.

There are numerous sales which are exempt from the sales tax, all of which are set out in Title 51, § 755, Code 1940. As we observed in State v. Levey, supra, the taxpayer is required to keep a record as to properly indicate these exempt sales in order that the Department of Revenue on examination can determine the amount of taxes due.

As we have previously observed, the statute (Section 759, supra) does not appear to require any particular method of bookkeep-

ing. The method employed by Mims was crude. He kept his own records and conducted his own grocery business with the aid of two clerks in the city of Clanton, which has a population of 4000, and with 35 grocery stores within a radius of one mile. But this court in State v. Levey, supra, recognized that some merchants did not strictly conform to business methods in keeping their books or records, and, inferentially at least, we there acknowledged that "bread tickets" preserved by the retailer would constitute a record within the requirements of the above cited statute.

The case we have before us is one of difficulty and the argument advanced on the part of the State is very forceful for an increase in the deficiency judgment decree against the taxpayer here. The record is voluminous and to review it here would extend this opinion to undue length and serve no useful purpose. Suffice it to say it has been carefully read and studied. We will merely state in general outline the reason for our conclusion that the decree should be sustained.

■ Mims, the taxpayer, made his monthly reports during this five-year period and made the payments as therein shown to be due. There were certain articles of merchandise which were exempt from the sales tax, such for instance as he claims wholesale sales to cafes and sales made to county authorities. True, as observed in the Levey case, supra, his books should have shown separately sales which were of the exempt character. It appears however, and as we understand it, practically without dispute, that he attached to his returns to the Department of Revenue what he denominated "sales slips," which indicated the exempt character of sales for which he claimed and was accorded credit. The slips, therefore, served their purpose and secured him the exemptions thereon asserted. As to his sales Mims kept a "Daily Sales Book—Cash Sales." He testified that these books, which he delivered to the examiners when they came for their check up of his business, showed his sales covering this entire period of five-years. He testified that they were correct. His statement is further to the effect that in the early years of his business a large portion of his

sales was feed stuffs on which he realized only eight per cent. As to his purchases, though he did not keep a book record, he insisted that he kept all of the invoices which he delivered to the examiners. Some of these invoices he kept in a metal box, others in a pasteboard box, but all of which he testified he delivered over to the examiners, who took them from the store for the purpose of their audit, and that they were never returned. Under the holding in the Levey case, supra, it must be conceded that these constituted some character of records sufficient for a check up of the business. Mims stated that he kept all the invoices for this entire period, though the statute (Section 759, supra) seems to require that there be preserved all invoices for a period of two years. But in the absence of book entries of course the keeping of all invoices was necessary under the statute. Upon the question of whether or not these invoices were returned the evidence is in sharp dispute. The examiners insisted they returned them, while Mims flatly contradicts them, and, indeed, in regard to their being carried from the store and as to how they were handled he offers some corroborating proof. There is no occasion, however, to here enter into a detailed discussion of these matters. The examiners insist that they copied on to a work sheet the invoices and did their calculations on the basis of his returns, his cash book and some estimates which Mims gave them. On the other hand Mims insists that he gave them no estimates and merely answered whatever questions they propounded to him.

The examiners made their calculations based upon a thirteen months period from May 1, 1943, through May 31, 1944, and calculating as above indicated they found that Mims was due some $400 additional tax for that period, including penalty. The trial court found for the State for this period in the sum of $336.45 to which interest was to be added at six per cent from June 1, 1945, and rendered a decree against the taxpayer of $367.30.

■ This appeal is prosecuted by the State upon the theory that during this period of thirteen months the conclusion

 

had been reached that the taxpayer in his return had been only 56% correct, and that of consequence he was deficient in the other years 44%, and added such additional percentage to his tax. The trial court was of the opinion that to follow such insistence would be to rest too much upon speculation or conjecture, which has often been stated as insufficient ground upon which to rest a judgment or decree. Broadway, Director, etc. v. Bolar, Ala.App., 29 So.2d 687; Georgia Power Co. v. Edmunds, 233 Ala. 273, 171 So. 256; Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665.

The State contends that the evidence suffices to show that Mims conducted the same character of business and in like quantity of business during the entire five-year period. We have read very carefully the testimony of Mims and in our opinion it does not justify the conclusion that he carried the same amount of stock and did the same amount of business. His testimony related to the fact that he was conducting a similar business, that is, a grocery business combined part of the time with a meat market business. Mr. Bates, the chief examiner, did state, in answer to the question from the trial judge, that Mims told him that he had conducted practically the same volume of business during the entire period of five years. This Mims emphatically denies.

 The trial judge had these witnesses before him and evidently conducted the inquiry with much care. It was his advantage to see and hear these witnesses and determine the truth from such sharp conflicts in the testimony. We would not feel justified in this particular case in overruling this conclusion upon these facts. Taylor v. Hoffman, 231 Ala. 39, 163 So. 339; Ex parte State ex rel. Grace, 224 Ala. 273, 139 So. 288.

The State insists that it is at a disadvantage on account of the fact that proper records were not kept. We have indicated, however, that though kept in a crude manner Mims could not be said to have violated the statute, if his testimony is to be given due weight. It must be remembered that for a period of five years his returns to the Department of Revenue with his remittances were accepted without criticism. Perhaps there should be required a more strict method of bookkeeping, but that is for the lawmaking body, or else the Department itself might give some notice to the taxpayer that he may be warned of the consequences if his bookkeeping method is inadequate. But, in any event, this is not a matter for determination here. As we view it, to hold for the State we must conclude, without proof to that effect, and notwithstanding Mims' testimony to the contrary, that because there was an error for the period of thirteen months, let it be said for 44%, that a like error was committed for the other years here involved, and that upon such percentage basis his assessment should be increased.

After a careful study of this record in light of helpful briefs from both the appellant and appellee we have concluded that such a holding would not be here justified.

This conclusion, we think, finds some support in Novicki v. Dept. of Finance, 373 Ill. 342, 26 N.E.2d 130, and Fashion Bilt Cloak Mfg. Co. v. Dept. of Finance, 383 Ill. 253, 49 N.E.2d 41, treating a statute bearing analogy to our own, and situations in some respects similar.

It results, therefore, that the decree appealed from should be here affirmed. It is so ordered.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.