(No. 46389.—

PAUL HELLER, Appellant, v. FERGUS FORD, INC., *et al.*—(The Department of Revenue *et al.*, Appellees.)

*Opinion filed January 21, 1975.*

L. Louis Karton and Samuel T. Wexler, of Kreger and Karton, Ltd., of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Fred F. Herzog, First Assistant Attorney General, of counsel), for appellees.

MR. JUSTICE WARD delivered the opinion of the court:

In March 1972 Paul Heller filed a class action in the circuit court of Cook County on his own behalf and on behalf of those similarly situated against Fergus Ford, Inc. (hereafter, Fergus), George Mahin, the then Director of Revenue, William J. Scott, the Attorney General, and Alan J. Dixon, the Treasurer of Illinois. It alleged that persons who had purchased automobiles equipped with emission controls from the defendant Fergus had not been allowed the benefit of the tax exemption provided under the Illinois Use Tax Act and the Retailers' Occupation Tax Act for "pollution control facilities." The plaintiff, who had purchased a 1971 model automobile from Fergus, asked for a refund of so much of the tax he had paid as had been based on the cost of the emission-control equipment on the automobile, which, he argued, was tax exempt as a "pollution control facility." The complaint also asked for an injunction restraining Fergus from including the cost of such equipment when calculating the tax on purchases of autos and for an order directing the Director of the Department of Revenue to issue a bulletin directing other automobile retailers to terminate that practice. The circuit

court granted a temporary injunction, but on the interlocutory appeal of the Department of Revenue and Alan Dixon the appellate court reversed (15 Ill. App. 3d 868). We granted leave to appeal.

The exemption for purchases of "pollution control facilities" under the Use Tax Act states:

> " 'Pollution control facilities' means any system, method, construction, device or appliance appurtenant thereto sold or used or intended for the primary purpose of eliminating, preventing, or reducing air and water pollution as the term 'air pollution' or 'water pollution' is defined in the 'Environmental Protection Act,' enacted by the 76th General Assembly, or for the primary purpose of treating, pretreating, modifying or disposing of any potential solid, liquid, or gaseous pollutant which if released without such treatment, pretreatment, modification or disposal might be harmful, detrimental or offensive to human, plant or animal life, or to property.
>
> The purchase, employment and transfer of such tangible personal property as pollution control facilities is not a purchase, use or sale of tangible personal property." Ill. Rev. Stat. 1973, ch. 120, par. 439.2a.

There is a like exemption in the Retailers' Occupation Tax Act. (Ill. Rev. Stat. 1973, ch. 120, par. 440a.) The Department of Revenue adopted a regulation relating to the exemption:

> "Notwithstanding the fact that the sales may be at retail, sales of pollution control facilities are exempt from the retailers' occupation tax. This exemption extends to and includes the purchase of pollution control facilities by a contractor who transfers the facilities to his customer in fulfillment of a contract to furnish pollution control facilities to, and to install them, for his customers. The phrase 'pollution control facilities' means any system, method, construction, device or appliance appurtenant thereto sold or used or intended for the primary purpose of eliminating, preventing or reducing air and water pollution as the term 'pollution' is defined in the Environmental Protection Act, or for the primary purpose of treating, pretreating, modifying or disposing of any potential solid, liquid or gaseous pollutant which if

released without such treatment, pretreatment, modification or disposal might be harmful, detrimental or offensive to human, plant or animal life, or to property. This exemption includes not only the pollution control equipment itself, but also replacement parts therefor, but does not extend to chemicals used in any such equipment, to fuel used in operating any such equipment, or to any other tangible personal property which may be used in some way in connection with such equipment, but which is not made a physical component part of the equipment itself. If the purchaser or his contractor-installer buys an item that could reasonably qualify for exemption as a pollution control facility, the purchaser or his contractor-installer should certify this intended use of the item to the seller in order to relieve the seller of the duty of collecting and remitting the tax on the sale, but the purchaser who is buying the item in question allegedly for his use as a pollution control facility will be held liable for the tax by the Department if it is found that such purchaser does not use the item as a pollution control facility." Retailers' Occupation Tax Regulation, art. II, par. 6.

The principal and controlling question presented is whether the pollution-control equipment on automobiles is to be considered as "pollution control facilities" under exemptions provided in the Use Tax and Retailers' Occupation Tax Acts.

It is clear from decisions of this court that a statutory exemption from taxation must be strictly construed in favor of taxation. One claiming the benefit of exemption has the burden of proving clearly he is entitled to it. In determining whether property falls within a statute of exemption, doubts will be resolved in favor of taxation. *People ex rel. County Collector v. Hopedale Medical Foundation,* 46 Ill.2d 450, 462; *Northshore Post No. 21 American Legion v. Korzen,* 38 Ill.2d 231, 235.

The plaintiff did not meet the burden of showing that his case is within the exemption. The pollution-control equipment built into recent-model automobiles by manufacturers cannot be considered pollution-control facilities

within the meaning of the exemption. Its installation by automobile manufacturers is required by statute as part of the Federal environmental program. The purchaser of an automobile is given no option to purchase or not to purchase the pollution-control equipment. A purchaser obviously is purchasing an auto, and not individual components.

The statute allowing the tax exemption clearly requires that the personal property must have been purchased "as pollution control facilities" in order to qualify for exemption. The purchases concerned here were of automobiles; they were not purchases of personal property as pollution-control equipment.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*