MICHAEL WEXLER, Plaintiff-Appellee, *v.* SEARS, ROEBUCK AND COMPANY *et al.*, Defendants—(WILLIAM J. SCOTT, Attorney General *et al.*, Defendants-Appellants).

First District (2nd Division)   No. 77-216

Opinion filed March 14, 1978.

William J. Scott, Attorney General, of Chicago (Stephen R. Swofford, Assistant Attorney General, of counsel), for appellants.

Norman P. Wexler, of Wexler, Wexler and Heller, Ltd., of Chicago, for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

Plaintiff, Michael Wexler, individually and in a representative capacity, filed this class action for temporary and permanent injunctive relief and declaratory relief against Sears, Roebuck and Company and three officials of the State of Illinois—William J. Scott, Attorney General, Robert H. Allphin, Director of Revenue, and Alan J. Dixon, Treasurer. Plaintiff prayed that the trial court declare that all emission control system component parts being purchased at retail for use in the servicing and maintenance of the emission control system on motor vehicles are exempted as "pollution control facilities" within the meaning of section 2a of the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.2a) and section 1a of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440a). The trial court found that the three parts purchased by plaintiff were "pollution control facilities" and as such were exempt from taxation under the aforementioned acts. We disagree. We accordingly reverse the trial court's judgment. The pertinent facts follow.

Plaintiff's complaint requested, *inter alia*, the following relief: (1) that the trial court enter a temporary mandatory injunction requiring the Director of Revenue to take all necessary action under the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.1 *et seq.*) to the end that all Certificate of Registration holders selling emission control system repair parts at retail be instructed to remit amounts collected as tax on these parts under protest; (2) that the trial court enter a temporary mandatory injunction requiring the Director of Revenue to instruct said certificate holders to file consolidated returns for the years 1974 through 1976, indicating amounts collected as tax on the repair parts; (3) that the Director of Revenue be permanently enjoined from turning over any funds collected under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440 *et seq.*) to the Treasurer without directing that said sums be held in a separate protest fund during the pendency of this suit to be used to reimburse purchasers of repair parts; (4) that the trial court

find that all emission control system component parts being purchased at retail for use in servicing and maintaining the emission control system on motor vehicles are tax exempt under the statute; (5) that the trial court find the regulation commonly known as article 2, paragraph 6, of the Retailers' Occupation Tax Act unconstitutional and that it violates the fifth and fourteenth amendments to the United States Constitution and article I, section 2 of the Illinois Constitution; and (6) that the trial court direct that identified customers of retailers selling repair parts for the emission control systems on motor vehicles, are entitled to a refund from the fund hereinbefore mentioned.

Shortly after filing his complaint, plaintiff filed a petition for temporary injunction, which substantially restated his complaint, except that the petition requested that the Director of Revenue be temporarily instead of permanently enjoined from turning over any funds to the Treasurer.

The State defendants filed an answer to the complaint and filed objections to the petition. Defendant Sears, Roebuck and Company filed a motion to dismiss the complaint and an answer to the petition.

The trial court dismissed Sears, Roebuck and Company as a defendant after counsel for Sears admitted to the court that it had already paid the use tax collected from plaintiff over to the State as required by law and therefore was not liable to plaintiff under the unjust enrichment provision of the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.3).

Plaintiff testified that on September 14, 1976, he went to Sears to purchase replacement parts for his emission control system of his 1976 Buick which then had 11,000 miles on it. These parts were a PCV valve, an emission canister filter, and a crankcase ventilation filter, which were required to be replaced in order to maintain his car according to the maintenance manual he received with his car. He located the parts and took them to the counter for purchase. After the sales clerk rang up the sale, he protested that five percent sales tax should not be charged on emission control replacement parts. He made the same complaint to the department manager but paid the tax (28 cents) because the manager refused to sell the parts unless he did.

Plaintiff's expert witness, William Nicholson, testified that the various component parts which comprise emission control systems on automobiles are basically the same. He stated that the three parts plaintiff purchased are required to be maintained or replaced periodically.

At the conclusion of the hearing, the trial court entered an order holding that the three parts purchased by plaintiff were "pollution control facilities" as defined in section 2a of the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.2a) and section 1a of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440a), and as such were exempt from taxation under the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.1 *et*

*seq.*) and the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440 *et seq.*). The trial court found that plaintiff had standing to bring the action individually and in a representative capacity. The trial court (1) enjoined the Director of Revenue to take all necessary action to notify Certificate of Registration holders who are retailers transferring at retail repair or replacement parts for motor vehicle emission control systems of the pendency of this suit; (2) ordered that said certificate holders are in the future to remit amounts collected as tax on these parts to the Director of Revenue under protest during the pendency of this suit; (3) temporarily enjoined the Director of Revenue from turning over any funds collected under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440 *et seq.*) to the Treasurer without directions that said sum be held in a separate protest fund during the pendency of this suit.

The trial court found no just reason for delaying enforcement or appeal (Ill. Rev. Stat. 1975, ch. 110A, par. 304), and the State defendants appeal from the order entered November 30, 1976. This court stayed the injunction order pending disposition of this appeal. The contentions of the State defendants on appeal are as follows: (1) that automobile parts purchased to maintain or repair an automobile emission control system which has been installed by the manufacturer of the automobile are not "pollution control facilities" within the purview of the exemptions to the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.2a) and the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440a); (2) that the plaintiff had an adequate remedy at law; (3) that the class action is improper because the costs of this suit outweigh the minimal potential benefits to the class, there are a vast number of individuals with minimal claims which lack corroboration and no private parties will be unjustly enriched; (4) that plaintiff's failure to join the retailers, as indispensable parties, constitutes a contravention of due process of law, and therefore the injunction entered is void; (5) that the injunction entered violates the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1); and (6) that the injunction entered violates the Illinois Injunction Act (Ill. Rev. Stat. 1975, ch. 69, pars. 3—1, 9).

The case of *Heller v. Fergus Ford, Inc.* (1975), 59 Ill. 2d 576, 322 N.E.2d 441, aff'g (1st Dist..1973), 15 Ill. App. 3d 868, 305 N.E.2d 352, is dispositive of the first issue and the instant appeal. In *Heller,* this court held that emission control systems built in as integral parts of an automobile do not constitute a "pollution control facility" within the meaning of section 2a of the Use Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 439.2a) or section 1a of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 440a). In *Heller,* both this court and our supreme court held that the purchaser of an automobile purchased an automobile, not an automobile and a pollution control facility. An emission control system in an automobile is

"* * * part of some other piece of equipment * * *" (*Heller*, 15 Ill. App. 3d 868, 873), *i.e.*, the automobile itself.

We hold that automobile replacement or repair parts for use in the servicing and maintenance of an automobile's emission control system, which system has been installed by the manufacturer of the automobile, are not "pollution control facilities" within the meaning of section 2a of the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.2a) or section 1a of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440a). These replacement or repair parts are part of the automobile's emission control system, which system has been held in *Heller* not to be a "pollution control facility" within the meaning of the acts. The plaintiff did not purchase an independent emission system which was then attached to the engine (*Heller*, 15 Ill. App. 3d 873), nor did he purchase any automobile parts which would independently supplement the emission control system installed by the manufacturer of his automobile.

In view of the conclusions we have reached, it is unnecessary to consider the other contentions of the State defendants.

The judgment of the circuit court of Cook County is hereby reversed.

Reversed.

STAMOS, P. J., and DOWNING, J., concur.