DEARBORN WHOLESALE GROCERS, INC., Plaintiff-Appellee, *v.* ROBERT M. WHITTLER, Director, Department of Revenue, Defendant-Appellant.

First District (5th Division)    No. 78-548

Opinion filed May 11, 1979.—Supplemental opinion filed on denial of rehearing August 24, 1979.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellant.

Alex Elson, Robert R. Tepper, Martin J. Friedman, Mitchell H. Macknin, James H. Canel, and Seymour H. Blum, all of Chicago (Rosenthal & Schanfield, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Robert M. Whittler, the director of the Illinois Department of Revenue, appeals from an order entered in an

administrative review action in which the circuit court of Cook County found that the hearing officer's findings were not sustained by the record and reversed a tax assessment which had been based on the hearing officer's findings. On appeal, defendant contends that plaintiff's sales were not exempt from taxation under the provisions of the Retailers' Occupation Tax Act (ROTA). (Ill. Rev. Stat. 1971, ch. 120, pars. 440 through 453.) We reverse.

The facts are not in dispute. Plaintiff, Dearborn Wholesale Grocers, Inc., sells large quantities of grocery items to grocers and restaurants on a wholesale basis. Plaintiff's premises is a warehouse facility with truck docks and offices and there are no areas for display or for customers. All of the sales in question were purportedly for resale. An auditor for the Department testified that, while plaintiff claimed that all of its sales were wholesale, it presented no evidence to substantiate its claim. At the hearing, plaintiff offered pictures of its physical operations and of locations to which it made deliveries, showing that it was not equipped for individual sales and that all deliveries were made to other stores. Testimony and affidavits of plaintiff's salesmen and truckdrivers also showed that all items were sold for resale by retail establishments.

The hearing officer found that plaintiff is a wholesale grocer but that it submitted no evidence of compliance with section 2c of the ROTA (Ill. Rev. Stat. 1971, ch. 120, par. 441c) and was therefore not exempt from paying the retail taxes. A total tax liability of $128,977.37 was assessed against plaintiff for the period of July 1972 through May 1975. Plaintiff sought review under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, pars. 264 through 279) and the trial court, finding the hearing officer's conclusions to be unsupported by the record, reversed the order as to the ROTA tax assessment. Defendant has appealed.

OPINION

■■ The sole issue on appeal is whether the failure of a taxpayer to produce resale certificates as required by section 2c of the ROTA (Ill. Rev. Stat. 1971, ch. 120, par. 441c) can of itself lead to a retail tax liability on the part of the seller-taxpayer when there is other undisputed evidence that the taxpayer's business is exclusively wholesale. We hold that it can.

Section 1 of the ROTA provides in pertinent part:

" 'Sale at retail' means any transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use or consumption, and not for the purpose of resale in any form as tangible personal property to the extent not first subjected to a use for which it was purchased, for a valuable consideration: Provided that the property purchased is deemed to be purchased for the purpose of resale, despite first being used, to the extent to which it

is resold as an ingredient of an intentionally produced product or by-product of manufacturing. * * *

'Sale at retail' shall be construed to include any transfer of the ownership of or title to tangible personal property to a purchaser, for use or consumption by any other person to whom such purchaser may transfer the tangible personal property without a valuable consideration, and to include any transfer, whether made for or without a valuable consideration, for resale in any form as tangible personal property unless made in compliance with Section 2c of this Act." Ill. Rev. Stat. 1971, ch. 120, par. 440.

Section 2c requires that a purchaser who claims to be a reseller must apply for a resale number which will be issued by the Department of Revenue after it receives sufficient information from the purchaser about its resale operations. Section 2c then states:

"Except as provided hereinabove in this Section, no sale shall be made tax-free on the ground of being a sale for resale unless the purchaser has an active registration number or resale number from the Department and furnishes that number to the seller in connection with certifying to the seller that any sale to such purchaser is nontaxable because of being a sale for resale." Ill. Rev. Stat. 1971, ch. 120, par. 441c.

Plaintiff maintains that the ROTA is not applicable because plaintiff's business is entirely wholesale rather than retail. The question, however, is not one of defining plaintiff's business operation in the common parlance. It is rather a question of whether or not there was compliance with the ROTA, and a preliminary determination of the wholesale-retail question outside the context of the ROTA is therefore irrelevant.

■■ The language of the statute is clear. The ROTA considers any transfer of personal property for resale to be a "sale at retail" unless that sale is made in compliance with section 2c. Compliance with section 2c requires that the purchaser have an active registration number or resale number with the Department of Revenue. At no time in the proceedings did plaintiff produce, or claim to have, the statutorily required evidence of any purchaser's approved resale status. Section 2c creates an exemption to the ROTA's broad construction of "sale at retail," and such exemptions are to be strictly construed in favor of taxation. (*Heller v. Fergus Ford, Inc.* (1975), 59 Ill. 2d 576, 579, 322 N.E.2d 441, 442; *People ex rel. County Collector v. Hopedale Medical Foundation* (1970), 46 Ill. 2d 450, 462, 264 N.E.2d 4, 10.) There having been no compliance, plaintiff cannot benefit from the exemption.

Plaintiff further contends that the statute merely creates a presumption that the transactions are taxable and that it has rebutted that presumption with competent evidence. Plaintiff cites *G. S. Lyon & Sons*

*Lumber & Manufacturing Co. v. Department of Revenue* (1961), 23 Ill. 2d 180, 177 N.E.2d 316, in support of its position that once it showed that its business was exclusively wholesale, the burden was on the Department to show that the transfers were not for resale. Plaintiff's reliance on *G. S. Lyon* is misplaced, however, because it involved an interpretation of the burden of proof under the ROTA before it was amended in 1967 to expand the construction of "sale at retail" and to create the section 2c exemption.

██ In a similar case, *Fashion-Bilt Cloak Mfg. Co. v. Department of Finance* (1943), 383 Ill. 253, 49 N.E.2d 41, our supreme court held that the taxpayer had sufficiently overcome the presumption that the sales were not for resale because of the absence of certificates of resale. The court there noted, however, that there was no requirement, either in the statute or the Department's rules, that required such a certificate. (383 Ill. 253, 258, 49 N.E.2d 41, 43.) Since *Fashion-Bilt* was decided, the ROTA has been amended to include the very requirement the court in *Fashion-Bilt* found to be lacking. Under the ROTA since the 1967 amendment, once the Department establishes its *prima facie* case, the burden shifts to the taxpayer to show that the particular sale for resale is exempt. Plaintiff can only meet that burden by showing compliance with section 2c and producing evidence of the registration or resale numbers. Plaintiff here has not provided the proof required by the statute and cannot claim to be exempt solely by virtue of the nature of business.

Accordingly, the order of the circuit court of Cook County as it pertains to the Retailers' Occupation Tax, is reversed and the decision of the Department is reinstated and affirmed.

Order reversed in part; decision reinstated and affirmed.

SULLIVAN, P. J., and WILSON, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE MEJDA delivered the opinion of the court:
Plaintiff has filed a petition for rehearing which raises some matter requiring further discussion. Plaintiff first contends that it has complied with section 2c of the ROTA (Ill. Rev. Stat. 1971, ch. 120, par. 441(c)), maintaining that the record indicates that resale or registration numbers were obtained and that the ROTA imposes a duty only to obtain the numbers, not to maintain a record of them.

Plaintiff's position is without merit. Plaintiff relies on testimony that the numbers were a required part of plaintiff's computer processing of

orders and that an information sheet certifying that sales were for resale and containing the numbers was also required as a part of each customer's account. However, in the several hundred pages of exhibits offered by plaintiff, there is no documentary evidence to support its position. The invoices contain neither the registration resale numbers nor the buyer's certification that sales were for resale. The information sheets providing for buyer's certification were attached as exhibits to salesmen's affidavits. All were blank forms. The registration numbers offered by plaintiff show only that some customers had such numbers, but provide no indication that the buyer furnished the numbers to plaintiff "in connection with certifying to the seller [plaintiff] that any sale to such purchaser is nontaxable because of being a sale for resale." Ill. Rev. Stat. 1971, ch. 120, par. 441c.

■ Contrary to plaintiff's contention, its failure to produce such evidence, which it claims to be part of its own business records, cannot result in a favorable inference. (See, *e.g.*, *Berlinger's, Inc. v. Beef's Finest, Inc.* (1978), 57 Ill. App. 3d 319, 325, 372 N.E.2d 1043, 1048.) Plaintiff's reliance on *People ex rel. Illinois State Dental Society v. Vinci* (1976), 35 Ill. App. 3d 474, 342 N.E.2d 206, is misplaced, for that case holds only that circumstantial evidence may establish a *prima facie* case that a person has no license to practice and thus is not applicable here. The evidence offered by plaintiff does not meet the requirements of section 2c and amounts to nothing more than plaintiff's own statements that the sales were for resale. Such statements "will not be accepted by the Department without corroborative evidence." Department of Revenue Rules and Regulations (1967), art. XIII, §3.

We also find plaintiff's contention that the statutory language is inconsistent and creates an irrebuttable presumption to be without merit. As we stated in our original opinion, the question before us is not one of definition, but one of statutory compliance. The ROTA does not allow an exemption on the grounds that a sale was for resale unless the transfer of property was made in compliance with section 2c. Plaintiff has not complied with the statute.

Finally, regarding plaintiff's challenge to the amount of taxes assessed, we note only that the Department's corrected tax returns established its *prima facie* case as to the amount of tax due (Ill. Rev. Stat. 1975, ch. 120, par. 443; *Fillichio v. Department of Revenue* (1958), 15 Ill. 2d 327, 155 N.E.2d 3; *Masini v. Department of Revenue* (1978), 60 Ill. App. 3d 11, 376 N.E.2d 324), and plaintiff maintained only that there was no tax liability. The issue of the extent of liability has been waived.

For the foregoing reasons, the petition for rehearing is denied.

SULLIVAN, P. J., and WILSON, J., concur.